UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| MINDBASEHQ LLC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No. 1:20-cv-24742-BB |

**GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING
RESOLUTION OF MOTION TO DISMISS AND MOTION TO TRANSFER**

**INTRODUCTION**

On February 10 at 6:30 p.m., Mindbase filed its opposition to Google's stay request, arguing, inter alia, that Google's concern about overbroad and burdensome discovery requests was nothing more than a "speculative specter." (ECF No. 37 at 6.)  Five minutes later, Mindbase served Google with 59 requests for production and 15 interrogatories. (Exhibits A, B.)  The discovery requests purport to demand documents and information from 2003 to 2019 regarding ten of Google's products—Android, Chrome, Gmail, Google Drive, Google Maps, Google Play, Search, Google AI, Google AdServices, and YouTube—eight of which are not even mentioned in Mindbase's Amended Complaint.  (*See* Ex. A (Requests for Production) at 3, Ex. B (Interrogatories) at 2-3, ECF No. 22 (First Amended Complaint).)

Mindbase's extraordinarily broad discovery requests confirm the necessity of a stay pending Google's motions to transfer and dismiss.  The requests seek to impose an enormous and wholly improper burden on Google, and unless Mindbase agrees to significantly revise its requests, will almost definitely lead to motion practice.  There is no reason for the Court or

1

parties to incur such burdens in light of Google's pending case-dispositive motion to dismiss and motion to transfer.

Further, Google's motions are meritorious and provide strong bases for a stay, notwithstanding Mindbase's citation to nonbinding and out-of-date law. Regarding Google's Motion to Transfer, Mindbase bases its opposition to the stay on a single decision from the District of Nevada, ignoring that the Federal Circuit and courts in this District and Circuit have recognized, including very recently, that a stay may well be appropriate when a motion to transfer is pending. *See In re SK hynix Inc.*, No. 2021-113, 2021 WL 321071, at *2 (Fed. Cir. Feb. 1, 2021) (staying all proceedings until the district court issues a ruling on pending transfer motion). As to Google's Motion to Dismiss, Mindbase relies on Form 18 in defending the adequacy of its complaint, but Form 18 has been abrogated; Mindbase must meet the pleading standards of *Iqbal* and *Twombly,* which it has not.

In sum, both Mindbase's improper discovery requests and the strength of Google's motions strongly favor a stay, and Google respectfully requests the Court grant its motion.

## ARGUMENT

Because Mindbase requested an extension of its deadline to respond to Google's Motion to Transfer and Motion to Dismiss, the Court does not yet have the benefit of Mindbase's oppositions in assessing the merits of Google's requests for relief.[1] This stay request is not the proper venue for fully addressing the dismissal and transfer arguments; instead, the Court need

---

[1] Mindbase requested, and the Court granted, a two-week extension on Mindbase's deadline to oppose both Google's motion to dismiss and transfer motion. (ECF Nos. 35 & 36.) As a matter of professional courtesy, Google agreed not to oppose these extension requests, notwithstanding Google's preference that the motions be resolved as soon as possible so as to conserve the Court's and parties' resources. Google, however, did request that Mindbase timely respond to the stay motion to avoid further burden to the Court and parties.

only take a "preliminary peek" at the merits of the pending motions to see if they appear to be "clearly meritorious and truly case dispositive." *Taylor v. Serv. Corp.*, No. 20-CIV-60709-RAR, 2020 WL 6118779, at *1 (S.D. Fla. Oct. 16, 2020). That peek reveals that the motions are meritorious and dispositive as to all proceedings, at least in this Court. Moreover, Mindbase has now served extremely broad requests that go far beyond the scope of permissible discovery, affirming the prejudice to Google if a stay is not granted.

### I.     The risk of unduly burdensome discovery is not speculative.

As noted above, five minutes after informing this Court that "the risk of overbroad and unduly burdensome discovery requests" is purely speculative, Mindbase served dozens of discovery requests that purport to seek 16 years worth of technical, financial, and marketing information for ten distinct Google products. Eight of these products are not even mentioned (let alone accused of infringement) in Mindbase's complaint. In just one example of the improper discovery, Mindbase's RFP No. 23 seeks "[a]ll documents concerning the conception, design, investigation, evaluation, development, testing and release" of the ten purportedly accused products, including any version released from 2003 to 2019. (Ex. A, RFP No. 23.) This request alone could reach millions of documents. Likewise, Mindbase's interrogatories seek, for example, "the total number of units sold, total sales in dollar value, location of each sale for each calendar quarter of sales during the Enforcement Period" and the identity of each customer of each of the ten products. (Ex. B, Interrogatory Nos. 6, 8.)

Mindbase's discovery requests have managed to wildly exceed even the serious overbreadth concerns raised by Mindbase's vague allegations in its complaint. Unless a stay is granted or Mindbase is willing to narrow its requests significantly, discovery motions may follow, related, at least, to time period, products, breadth, and lack of proportionality. Because

of its own tactics, Mindbase's citation to cases in which "expensive discovery has not proceeded and likely will not have proceeded very far by the time the Court issues a ruling" are inapposite. (Opp. at 5.)  The burden of proceeding with discovery while dispositive motions are pending is now anything but speculative, and strongly favors a stay.

## II. Google's Motion to Transfer supports a stay.

Mindbase is simply wrong when it contends that a motion to transfer is "not amenable to relief in the form of a stay of discovery." (Opp. at 6.)  To the contrary, the Federal Circuit has recently confirmed that a stay of "all proceedings concerning the substantive issues of the case and all discovery" may be appropriate when a motion to transfer is pending. *In re SK hynix Inc.*, 2021 WL 321071 at *2 (granting petition for writ of mandamus and ordering district court to "stay all proceedings concerning the substantive issues of the case and all discovery until such time that it has issued a ruling on the motion [to transfer]"). *Id*.  Likewise, courts in this District and Circuit have granted stays while venue or transfer-related requests were pending. *See, e.g., Fondo De Proteccion Soc. De Los Depositos Bancarios v. Diaz Reus & Targ, LLP*, No. 16-21266-CIV-TORRES, 2016 WL 10952495, at *2 (S.D. Fla. Dec. 29, 2016) (staying proceedings where motions to dismiss and transfer were pending); *Rando v. Gov't Emps. Ins. Co.*, No. 5:06-cv-336-Oc-10GRJ, 2006 WL 8439443, at *2 (M.D. Fla. Dec. 4, 2006) (same); *Hesterly v. Royal Caribbean Cruises, Ltd.*, No. 06-22862-CIV-GOLD/TURNOFF, 2007 WL 9702147, at *1 (S.D. Fla. Nov. 27, 2007) (granting stay where a plaintiff had moved to dismiss based, in part, on forum non conveniens).  In light of this clear authority, Mindbase's reliance on a single case from the District of Nevada is unavailing. *See* Opp. at 7 (citing *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. Oct. 29, 2013)).  The availability of a stay makes sense because a different schedule, different local rules, and different regional circuit law will apply to various

aspects of this action if Google's transfer motion is granted. In particular, the Northern District of California has Patent Local Rules that govern the content and sequence of disclosures and which may affect the ultimate scope of discovery.[2]

Not only is a stay available when a motion to transfer is pending, it is also highly appropriate here given the strength of Google's transfer request. In contrast with its (misguided) attacks on Google's Motion to Dismiss, Mindbase's Opposition is conspicuously silent as to the merits of the transfer motion. A preliminary peek at that motion reveals that it is well-supported because the center of gravity of the alleged acts of infringement (insofar as they can be discerned from the Complaint) is in the Northern District of California and all evidence relevant to the alleged infringement lies outside this District.

"[O]nce a party files a transfer motion, disposing of that motion should unquestionably take top priority." *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020). It is appropriate for the Court to stay discovery so that Google's transfer motion may be resolved before the case proceeds any further in this Court.

### III.   Google's Motion to Dismiss also justifies a stay.

Mindbase also contends that the stay should be denied because Google's motion to dismiss is not meritorious. First, Mindbase defends the sufficiency of its allegations with citation to outdated law, incorrectly arguing that whether a "complaint has 'adequately plead direct infringement is to be measured by the specificity required by Form 18.'" (Opp. at 3 (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir.

---

[2] The Patent Local Rules for the Northern District of California are available at: *https://www.cand.uscourts.gov/wp-content/uploads/local-rules/patent-local-rules/Patent_Local_Rules_11-2020.pdf*.

2012)). Not so; Form 18 was abrogated as of December 1, 2015.[3] As explained in Google's Motion to Dismiss, infringement allegations are subject to the pleading standards established by *Twombly* and *Iqbal*. (ECF No. 27 at 14-15 (citing *Global Tech Led, LLC v. Every Watt Matters, LLC*, No. 15-cv-61933-BLOOM/Valle, 2016 WL 6682015, at *2 (S.D. Fla. May 19, 2016)); *see also Golden v. Apple Inc.*, 819 F. App'x 930, 931 (Fed. Cir. 2020) ("Allegations of direct infringement are subject to the pleading standards established by [*Twombly*] and [*Iqbal*]."), *cert. denied,* No. 20-624, 2021 WL 78174 (U.S. Jan. 11, 2021)). For the reasons explained in Google's Motion to Dismiss, Mindbase has not adequately alleged infringement, and the pleading standards do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

      Second, Mindbase contends that Google's section 101 argument is premature. But Mindbase is wrong that the validity of the patents-in-suit can only be assessed after discovery and claim construction. Indeed, the Federal Circuit has affirmed a motion to dismiss based on section 101 in a precedential decision as recently as December 29, 2020. *Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1365 (Fed. Cir. 2020) ("We therefore see no error in the district court's determining ineligibility without first conducting claim construction."). In so doing, the court noted that conclusory allegations regarding subject matter eligibility do not preclude dismissal, and that claim construction is not required prior to dismissal absent an explanation by the patentee as to why claim construction would affect the section 101 analysis. *Id*. Even in the short period since *Simio* was decided, the Federal Circuit has affirmed Rule 12 dismissals based on section 101 several more times. *See VeriPath, Inc. v. Didomi*, No. 2020-

---

[3] *See* Supreme Court of the United States, *Order Regarding Amendments to the Federal Rules of Civil Procedure* (Apr. 29, 2015),
https://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf.

1777, 2021 WL 422817 (Fed. Cir. Feb. 8, 2021) (affirming Rule 12(b)(6) dismissal); *Boom! Payments, Inc. v. Stripe, Inc.*, No. 2020-1274, 2021 WL 116545 (Fed. Cir. Jan. 13, 2021) (same); *Mortg. Application Techs., LLC v. MeridianLink, Inc.*, No. 2020-1504, 2021 WL 97347 (Fed. Cir. Jan. 12, 2021) (affirming Rule 12(c) dismissal); *NetSoc, LLC v. Match Group, LLC*, No. 2020-1195, 2020 WL 7828777 (Fed. Cir. Dec. 31, 2020) (affirming Rule 12(b)(6) dismissals in two separate cases). Tellingly, Mindbase does not identify a single claim term that needs to be construed or fact that needs to be developed in order for the Court to resolve Google's invalidity argument.

In sum, Mindbase defends its complaint by relying on an abrogated form and ignoring case law that affirms the propriety of Google's Motion to Dismiss, and thus the opposition brief only underscores the strength of Google's pending motion. Accordingly, the cases Mindbase cites in which the Court denied a stay because of weaknesses with the pending motion to dismiss are inapplicable. (*See* Opp. at 4-5.) Google's Motion to Dismiss is predicated on two independent meritorious arguments, and thus a stay pending its resolution is appropriate.

## CONCLUSION

Google respectfully requests that the Court enter an order staying discovery and all case deadlines until the Court resolves Google's Motion to Transfer and Motion to Dismiss.

Dated this 17th day of February, 2021.

Respectfully submitted,

*/s/ Edward M. Mullins*

| | |
|---|---|
| Michael S. Kwun (*Pro Hac Vice*) <br> Email: mkwun@kblfirm.com | Edward M. Mullins (FBN 863920) <br> Email: emullins@reedsmith.com <br> Daniel A. Sox (FBN 108573) |

KWUN BHANSALI LAZARUS LLP
555 Montgomery Street
Suite 750
San Francisco, CA 94111
Telephone: +1 415 630-2350
Facsimile: +1 415 367-1539

*Counsel for Google LLC*

Email: dsox@reedsmith.com
Marcelo Diaz-Cortes (FBN 118166)
Email: mdiaz-cortes@reedsmith.com

REED SMITH LLP
1001 Brickell Bay Drive
Suite 900
Miami, FL 33131
Telephone: +1 786 747 0200
Facsimile: +1 786 747 0299

*Counsel for Google LLC*