EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

MINDBASEHQ LLC,

                    Plaintiff,

     vs.

GOOGLE LLC,

                  Defendant.

Case No.: 20-cv-24742

## PLAINTIFF'S FIRST SET OF REQUESTS FOR
## PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the plaintiff MindbaseHQ LLC ("Plaintiff") requests that the defendant Google LLC ("Defendant") produce the documents described below. Defendants shall make production within thirty (30) days of service of these requests to the undersigned counsel at the law offices of WEISS SEROTA HELFMAN COLE & BIERMAN, P.L., 1200 N. Federal Hwy, Ste. 312, Boca Raton, FL 33432, in accordance with Rule 33 of the Federal Rules of Civil Procedure. Service by electronic mail to counsel of record for Plaintiff will also be accepted.

### DEFINITIONS

1.      "Plaintiff" means MindbaseHQ LLC, the plaintiff in the above-captioned action, its members, predecessors in interest, any entities collectively owned, in whole or in part, by its members and any subsidiaries, affiliates, partners, holding companies, divisions, departments, operating units, and other subdivisions; present and former directors, officers, employees, agents, attorneys, consultants, and representatives; and all Persons either acting or purporting to act on behalf of the above, or any of them.

2

2.      "Defendant" shall mean Google LLC, its members, predecessors in interest, any entities collectively owned, in whole or in part, by its members and any subsidiaries, affiliates, partners, holding companies, divisions, departments, operating units, and other subdivisions; present and former directors, officers, employees, agents, attorneys, consultants, and representatives; and all Persons either acting or purporting to act on behalf of the above, or any of them.

3.      "Patents-in-Suit" shall mean any one or all of U.S. Patent Nos. 6,510,433 and 6,665,680.

4.      "Enforcement Period" means the time period between and including January 1, 2003 to June 30, 2019.

5.      "Claims-in-Suit" means Claim Nos. 1, 2 and 13 of each of the Patents-in-Suit.

6.      "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to [any/the] Patent-in-Suit, including patents or patent applications:

    a.    from or through which the Patent-in-Suit directly or indirectly claim[s] priority;

    b.    that claim priority to the Patent-in-Suit; or

    c.    otherwise identified in [any/the] Patent-in-Suit as related to that patent.

"Person" or "Persons" shall mean any natural person, proprietorship, public or private corporation, partnership, joint venture, trust, association, company, firm, government or governmental entity (including any government agency, board, authority, commission, or political subdivision or department thereof), or any other form of business or legal entity, organization or arrangement, group or association.

7.      "Accused Products" means Android, Chrome, Gmail, Google Drive, Google Maps, Google Play, Search, Google AI, Google AdServices, and YouTube.

8.      "Lawsuit" means the above-captioned action.

9.      "Prior Art" means all documents, information, acts, or things that qualify as prior art under any subsection of 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

10.     "Communication" means the transmission of information in any form, including, without limitation, written, oral, or electronic transmissions.

11.     "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored data and information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments.

12.     "Electronic data" includes, but is not limited to, information stored in hard disks, floppy disks, CD-ROM disks, thumb drives, Bernoulli disks and their equivalents, magnetic tapes of all kinds, and computer chips, originals and all copies of electronic mail ("e-mail"); activity listings of e-mail receipts and/or transmittals, voice-mail; audio or video recordings of any kind; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; output resulting from the use of any software program, including word processing documents,

4

spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; batch files; ASCII files; metadata; all miscellaneous electronic files and/or file fragments, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragment; and file, folder tabs, containers or labels appended to any storage device containing electronic data.

13.     "Identify" means:

a.     (a)with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;

b.     (b)with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s), and (vi) recipient(s); and

c.     (c)with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, email, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

14.     "Relating to" or "relate to" means, without limitation, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explaining.

15.     The following rules of construction shall apply:

a.     The terms "all" and "each" shall be construed as all and each;

b.     The connectives "and" and "or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

      c.     "Concerning" means relating to, referring to, describing, evidencing or constituting;

      d.     "Including" shall be construed to mean "without limitation"; and

      e.     The use of the singular form of any word includes the plural and vice versa.

INSTRUCTIONS

1.        Defendant is required to produce all requested documents that are in its possession, custody or control, including, without limitation, documents in the possession, custody or control of their attorneys and/or agents.

2.        In the event any request is objected to, in whole or in part, please state the reasons for objection. An objection to part of a request must specify the part to which objection is made and permit production of the rest. An evasive or incomplete response will be treated as a failure to respond.

3.        Responsive documents should be produced as they are kept in the regular course of business or should be organized and labeled to correspond to the categories in the request.

4.        Each request should be responded to separately; however, a document which is responsive to more than one request may, if the relevant portion is so marked or indexed, be produced and referred to in a latter response.

5.        These requests do not require the production of documents that are subject to the attorney-client privilege or work product doctrine. If Defendant withhold documents by claiming that they are privileged or subject to the work product doctrine, please describe the nature of the documents, communications, or things not produced or disclosed in a manner that will enable Plaintiff to assess the applicability of the privilege or protection, including:

   a.      the identity of the document;

   b.      the date of the document;

   c.      the identity of the author of the document;

   d.      the identity of every person who has seen and/or received a copy of the document;

7

e.      the type of privilege asserted as to the document

f.      the general nature of the document; and

g.      any other grounds which support the claim of privilege.

6.      If any responsive document has been, but no longer is, in the possession, custody or control of Defendant, Defendant shall identify the document by listing all of the following information: (a) the date of the document; (b) a description of the subject matter of the document; (c) the name or names of the addresses of each person who prepared, received, reviewed or either has or had possession, custody, or control of the document; and (d) the place, time and reason for the loss, destruction or discarding.

7.      Federal Rule of Civil Procedure 26(e)(1) requires a continuing duty to supplement or correct your responses in a timely manner if you learn that in some material respect the response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

8.      These Requests cover all documents, including electronically stored information, in Defendant's possession, custody, or control including all documents or electronically stored information that Defendant the ability to obtain, that are responsive, in whole or in part, to these Requests. Each responsive document consisting of electronically stored information shall be produced in the format in which it was stored, with all its metadata intact, including, without limitation information sufficient to identify the creation, last modification, and last accessed date, the storage location (e.g. fully qualified path and folder) of the file and the system (e.g. server, computer or device) on which it was stored.

9.      When producing emails responsive to the Requests, the e-mail should be produced in a format that includes the originating address, all copies and blind copies, the date and time of transmission, each attachment, the mailbox storage location of every copy, and all replies and/or forwards of the e-mail.

**REQUEST FOR PRODUCTION NO. 1**

All documents, including, but not limited to, reports with respect to each expert witness you intend to call at trial and each consulting expert whose work, mental impressions or observations was reviewed or relied upon by any testifying expert, concerning: (a) each expert's factual observations and opinions; (b) the subject matter on which each expert is expected to testify, or the subject matter of a consulting expert reviewed or relied upon by a testifying expert; (c) a summary of the grounds of each opinion; (d) all documents prepared by, provided to, relied upon, or reviewed by any such expert; (e) all documents provided to you by each expert, including but not limited to reports, summaries, and correspondence; (f) documents evidencing the hourly rate of each expert, the method of determining the amount to be paid to the expert, the amount of fees earned by the expert to date, the amount of fees currently owed to the expert, the amount of fees billed to you by the expert, and the amount paid to the expert to date; and (g) a resume or curriculum vitae or other document summarizing each expert's qualifications within the field or discipline or area with respect to this Lawsuit in which such expert is expected to testify.

**REQUEST FOR PRODUCTION NO. 2**

All documents concerning your method or your expert's method(s) of calculating or refuting the damages alleged in this Lawsuit.

**REQUEST FOR PRODUCTION NO. 3**

All documents concerning the identity of persons whom you believe may have knowledge of facts relevant to this Lawsuit, or with whom you have shared any statements, reports, or documents relating to this Lawsuit or the facts and claims underlying this Lawsuit.

**REQUEST FOR PRODUCTION NO. 4**

All documents concerning any agreements that you have reached with any individual or entity that is in any way related to this Lawsuit or the facts and claims underlying this Lawsuit.

**REQUEST FOR PRODUCTION NO. 5**

All documents concerning any communications regarding the Accused Products on the one hand and resource description framework, RDFa, JSON-LD, or data structuring formats and methods on the other hand.

**REQUEST FOR PRODUCTION NO. 6**

All documents identified or relied on in responding to any interrogatories served on you in this Lawsuit.

**REQUEST FOR PRODUCTION NO. 7**

All documents and things which you intend to introduce as an exhibit or evidence in the Lawsuit, including, without limitation, exhibits or evidence you intend to introduce at trial or any hearings on claim construction, summary judgment, or other issues.

**REQUEST FOR PRODUCTION NO. 8**

All documents and things, including all models, displays, exhibits, or any other form of demonstrative evidence which you intend to use at the trial of this Lawsuit.

**REQUEST FOR PRODUCTION NO. 9**

All documents reflecting communications between you and your accountants regarding this Lawsuit.

**REQUEST FOR PRODUCTION NO. 10**

Documents sufficient to identify the entities, employees, personnel or representatives (including their positions or job titles at the time and their positions or job titles at the present)

involved in any way in the development, testing, evaluation, production, release or offering of the Accused Products during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 11**

Documents sufficient to identify the of entities, employees, or personnel involved in any way in the marketing, sales, analysis or offering to third parties of the space or means by which advertising, promotions, or other information, materials, services, or activities can be made available to users and consumers in connection with the Accused Products during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 12**

All documents concerning Defendant's document or record retention policies, including, without limitation, documents relating to Defendant's policies for storing, retaining, destroying, and creating and maintaining backup copies of any marketing or financial data from 2003 to present.

**REQUEST FOR PRODUCTION NO. 13**

All documents concerning Defendant's code retention policies, including, without limitation, documents relating to Defendant's policies for storing, retaining, destroying, and creating and maintaining backup copies of any source or executable code for any previous versions or iterations of the Accused Products from 2003 to present.

**REQUEST FOR PRODUCTION NO. 14**

All documents concerning Defendant's version control policies, including those relating to the Accused Products during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 15**

All insurance policies or other agreements concerning any arrangement under which any person may be liable to satisfy part or all of any judgment which may be entered in the Lawsuit or to indemnify or reimburse for payments made to satisfy any judgment.

**REQUEST FOR PRODUCTION NO. 16**

All documents concerning Defendant's policies or practices relating to patent clearances, "right to use" opinions, or other mechanisms or procedures you employ to avoid infringement of others' patents, including but not limited to the Patents-in-Suit, during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 17**

All documents comprising or concerning any patent clearance, freedom to operate, right to use, infringement, or validity analysis, evaluation, consideration, opinion, or study relating to the Accused Products on the one hand and the Patents-in-Suit on the other hand, including any analysis, evaluation, consideration, opinion, or other study concerning infringement of any Patent-in-Suit by the Accused Products or the validity of any claim of any Patent-in-Suit.

**REQUEST FOR PRODUCTION NO. 18**

All documents concerning Defendant's policies, practices, procedures, or strategies for obtaining patents by filing patent applications or by patent acquisitions during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 19**

All documents concerning Defendant's policies or strategies concerning granting or acquiring licenses to technology during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 20**

All documents concerning Defendant's policies or strategies concerning enforcement of Defendant's patents through litigation during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 21**

Copies of all expert reports, testimony (deposition and trial), and declarations or affidavits relating to damages filed by you or on your own behalf or filed on behalf of any party opposing you in any litigation to which you were or are a party and where the subject matter of the litigation was or is infringement of a patent from 2010 to present.

**REQUEST FOR PRODUCTION NO. 22**

All settlement agreements that purport to settle litigation in which you were involved and that involved allegations of patent infringement from 2010 to present.

**REQUEST FOR PRODUCTION NO. 23**

All documents concerning the conception, design, investigation, evaluation, development, testing and release of the Accused Products, or of any version of the Accused Products during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 24**

All documents and things identifying or concerning all materially different versions or iterations of the Accused Products during the Enforcement Period, or concerning any material modifications or updates to the Accused Products during the Enforcement Period, including, without limitation, the release date for each such version or material modification or update, version control documentation, software change lists, change sets, change logs, or patches identifying any set of changes made to the Accused Products.

**REQUEST FOR PRODUCTION NO. 25**

All documents and things concerning any material changes made to the following functions and features of the Accused Products during the Enforcement Period: how inputs to search modules are categorized by relationships within the database.

.

**REQUEST FOR PRODUCTION NO. 26**

All source code, specifications, schematics, flow charts, pseudocode, and other documentation sufficient to show the operation of the database systems employed by the Accused Products, including "bigtable," other proprietary data structures and methods, and any third-party data products and services used during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 27**

All source code for previous versions or iterations for the database systems employed by the Accused Products during the Enforcement Period wherein any of the following functions or features operate in a materially different manner than in the current iteration of the Accused Products: how inputs to search modules are categorized by relationships within the database system of the Accused Products.

**REQUEST FOR PRODUCTION NO. 28**

Operational software, including executables, sufficient to duplicate the features and functionality of the database systems of the Accused Products during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 29**

All documents and things concerning the attributes, characteristics, qualities, nature, features, functionality, purposes, uses or effects of the database systems of the Accused Products during the Enforcement Period, including, without limitation, any papers, announcements, blog entries, press releases, or presentations.

**REQUEST FOR PRODUCTION NO. 30**

All instructional materials pertaining to the database systems of the Accused Products during the Enforcement Period, including, but not limited to, manuals, tutorials, help files, FAQs, slides, and other presentations and videos, including materials available to Google employee software developers and third-party developers.

**REQUEST FOR PRODUCTION NO. 31**

All documents concerning any invention disclosures or other patents applied for, pending, issued, abandoned, obtained, assigned, used, reviewed, considered or referenced which relate to the database systems of the Accused Products during the Enforcement Period, or to which you have referred in any marketing, advertising, promotion, or use of the Accused Products.

**REQUEST FOR PRODUCTION NO. 32**

All documents reflecting any communication by you or on your behalf with the United States Patent and Trademark Office ("PTO") concerning the database systems of the Accused Products or the Patents-in-Suit during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 33**

All documents concerning or relating to the Patents-in-Suit, including documents pertaining to your knowledge of the Patents-in-Suit and the date and circumstance pursuant to which you first learned of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 34**

All documents concerning or relating to Plaintiff and any of Plaintiff's products or services.

**REQUEST FOR PRODUCTION NO. 35**

All documents and things concerning internal and external efforts in marketing, advertising, promoting, positioning, describing, representing, or listing of the Accused Products or any features of the Accused Products, including, without limitation, samples of any advertisements, brochures, announcements, or press releases.

**REQUEST FOR PRODUCTION NO. 36**

All documents and things concerning selling or promoting: online advertising opportunities, promotions, or other information, materials, services or activities made available, or to be made available, to users, consumers or the public within or in connection with the Accused Products during the Enforcement Period, including, without limitation, all analytics, usage data, and other documents and things provided to current or prospective advertisers.

**REQUEST FOR PRODUCTION NO. 37**

All documents concerning any reports, articles, studies, market research, market surveys, market analyses, market share analyses, or forecasts of customer demand which relate to the Accused Products or other products that compete with or function similarly to any of the Accused Products during the Enforcement Period, or which relate generally to the social networking industry.

**REQUEST FOR PRODUCTION NO. 38**

All documents concerning how revenue was or could have been generated by the Accused Products during the Enforcement Period, including, without limitation, all market analyses, market research, sales analyses, sales projections, market share analyses, market share projections, competitive analyses, or third party market analyses.

**REQUEST FOR PRODUCTION NO. 39**

All documents concerning demand for, or interest in, or the lack of demand for, or interest in, any particular features or functions of the Accused Products during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 40**

All documents concerning the popularity or lack of popularity of particular features or functions of the Accused Products during the Enforcement Period, including, without limitation, any usage data or analytics reflecting or analyzing the usage of particular features.

**REQUEST FOR PRODUCTION NO. 41**

Documents reflecting the dollar amounts expended on a quarterly basis on Defendant's promotion (marketing, advertising or other) of the Accused Products during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 42**

All documents concerning brochures, banners, boards, posters, or other visual displays or visual aids used or made available by you at any trade conference, seminar, trade show or presentation to customers or potential customers and referencing or depicting the Accused Products during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 43**

All documents concerning any comparison of the database systems of the Accused Products to any other products during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 44**

All documents concerning technical problems with the database systems of the Accused Products prior to 2003.

**REQUEST FOR PRODUCTION NO. 45**

All documents concerning Defendant's pricing policies and revenue strategies concerning any revenue generated in connection with the Accused Products during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 46**

Documents reflecting all methods by which any revenue was generated in connection with the Accused Products during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 47**

All documents concerning any proposals, presentations, communications, or agreements between you and any third party with respect to advertisements, promotions, or other information, materials, services, or activities made available, or to be made available, to users, consumers or the public in connection with the Accused Products.

**REQUEST FOR PRODUCTION NO. 48**

Documents reflecting all actual, anticipated, estimated, budgeted, or projected sales, income, revenue, profits, expenses, and costs associated with the Accused Products or any related products and services during the Enforcement Period (including sales made, and revenues and profits generated with respect to advertisements, promotions, or other information, materials, services, or activities made available, or to be made available, to users, consumers or the public within or in connection with the Accused Products), including, without limitation, names and addresses of each customer from whom income, revenue or compensation was received in connection with the Accused Products, the date each such item of income, revenue or compensation was generated, the gross dollar amount received or due in connection with each such transaction, the type and amount of each item of cost or expense relating to each such transaction, and the gross and net profit resulting from each such transaction.

**REQUEST FOR PRODUCTION NO. 49**

All license agreements, settlement agreements, or similar agreements between you and any third party relating in any manner to the database systems of the Accused Products during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 49**

All license agreements, settlement agreements, or similar agreements between you and any third party relating in any manner to the Accused Products during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 50**

All documents concerning or relating to any royalty paid by Defendant to any person or entity for any license or agreement relating to any software, to the databases of any of the Accused Products during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 51**

Financial documents concerning the Accused Products and any revenue sources associated with the Accused Products during the Enforcement Period, including, without limitation, annual reports, business plans and projections, consolidated financial statements, income statements, profit and loss statements, operating statements, and balance sheets.

**REQUEST FOR PRODUCTION NO. 52**

All documents concerning the monetary value of the Accused Products to Defendant during the Enforcement Period.

**REQUEST FOR PRODUCTION NO. 53**

All documents supporting or refuting your contention that you do not infringe, and have not infringed, directly or indirectly, any valid claim of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 54**

All documents supporting or refuting the contention that one or more claims of the Patents-in-Suit are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. § 101 *et seq*.

**REQUEST FOR PRODUCTION NO. 55**

All documents supporting or refuting the contention that Plaintiff is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

**REQUEST FOR PRODUCTION NO. 56**

All documents supporting or refuting the contention that Plaintiff is barred or limited from recovery under 35 U.S.C. § 287.

**REQUEST FOR PRODUCTION NO. 57**

All documents supporting or refuting the contention that Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel, waiver, and/or acquiescence.

**REQUEST FOR PRODUCTION NO. 58**

All documents on which you rely or intend to rely to assert or establish that infringement of the Patents-in-Suit was not willful or intentional.

**REQUEST FOR PRODUCTION NO. 59**

All documents and things concerning any alleged prior art to the Patents-in-Suit, or which you contend comprise prior art to the Patents-in-Suit.


Dated: February 10, 2021                    Respectfully submitted,

                                             */s/ Alen H. Hsu*____
                                             Alen H. Hsu, Esquire
                                             Florida Bar No. 62495
                                             Anne R. Flanigan
                                             Florida Bar No. 113889

WEISS SEROTA HELFMAN
COLE & BIERMAN, P.L.
1200 N. Federal Highway
Suite 312
Boca Raton, FL 33432
Telephone: (561) 835-2111
Email: ahsu@wsh-law.com
         aflanigan@wsh-law.com

James Iaconis, Esquire*
Texas Bar No. 24080954
Iaconis Law Office
P.O. Box 450473
Miami, FL  33245
Email:  james.iaconis@iaconislaw.com


R. Terry Parker, Esquire*
Massachusetts Bar No. 569008
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Admitted Pro Hace Vice*

## **CERTIFICATE OF SERVICE**

I, R. Terry Parker, hereby certify that I caused the foregoing document to be served on the following counsel on the 10th day of February 2021 by electronic mail:

Edward M. Mullins (FBN 863920)
Email: emullins@reedsmith.com
Daniel A. Sox (FBN 108573)
Email: dsox@reedsmith.com
Marcelo Diaz-Cortes (FBN 118166)
Email: mdiaz-cortes@reedsmith.com

REED SMITH LLP
1001 Brickell Bay Drive
Suite 900
Miami, FL 33131

Michael S. Kwun
Email: mkwun@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street
Suite 750
San Francisco, CA 94111

*/s/R. Terry Parker*
R. Terry Parker