EXHIBIT "B"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

MINDBASEHQ LLC,                                        Case No.: 20-cv-24742

               Plaintiff,

     vs.
GOOGLE LLC,

               Defendant.

---

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the plaintiff MindbaseHQ LLC ("Plaintiff") demands that the defendant Google LLC ("Defendant") respond within thirty (30) days by answering the following interrogatories, in writing and under oath, to the undersigned counsel at the law offices of WEISS SEROTA HELFMAN COLE & BIERMAN, P.L., 1200 N. Federal Hwy, Ste. 312, Boca Raton, FL 33432, in accordance with Rule 33 of the Federal Rules of Civil Procedure.  Service by electronic mail to counsel of record for Plaintiff will also be accepted.

DEFINITIONS

1.      "Plaintiff" means MindbaseHQ LLC, the plaintiff in the above-captioned action, its members, predecessors in interest, any entities collectively owned, in whole or in part, by its members and any subsidiaries, affiliates, partners, holding companies, divisions, departments, operating units, and other subdivisions; present and former directors, officers, employees, agents, attorneys, consultants, and representatives; and all Persons either acting or purporting to act on behalf of the above, or any of them.

1

2.     "Defendant" shall mean Google LLC, its members, predecessors in interest, any entities collectively owned, in whole or in part, by its members and any subsidiaries, affiliates, partners, holding companies, divisions, departments, operating units, and other subdivisions; present and former directors, officers, employees, agents, attorneys, consultants, and representatives; and all Persons either acting or purporting to act on behalf of the above, or any of them.

3.     "Patents-in-Suit" shall mean any one or all of U.S. Patent Nos. 6,510,433 and 6,665,680.

4.     Enforcement Period" means the time period between and including January 1, 2003 to June 30, 2019.

5.     "Claims-in-Suit" means Claim Nos. 1, 2, and 13 of each of the Patents-in-Suit.

6.     "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned patents and applications) relating to any of the Patent-in-Suit, including patents or patent applications:

     a.     from or through which the Patent-in-Suit directly or indirectly claim[s] priority;

     b.     that claim priority to the Patent-in-Suit; or

     c.     otherwise identified in any of the Patent-in-Suit as related to that patent.

7.     "Person" or "Persons" shall mean any natural person, proprietorship, public or private corporation, partnership, joint venture, trust, association, company, firm, government or governmental entity (including any government agency, board, authority, commission, or political subdivision or department thereof), or any other form of business or legal entity, organization or arrangement, group or association.

8.     "Accused Products" means Android, Chrome, Gmail, Google Drive, Google

Maps, Google Play, Search, Google AI, Google AdServices, and YouTube.

9.      "Prior Art" means all documents, information, acts, or things that qualify as prior art under any subsection of 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

10.     "Communication" means the transmission of information in any form, including, without limitation, written, oral, or electronic transmissions.

11.     "Document(s)" means all materials within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored data and information, that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. Documents include, but are not limited to, electronic mail or email, text messages, facsimiles, instant messages (IMs), calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, post cards, post-it notes, reports, logs, message slips, invoices, checks, paystubs, letters, memoranda, agreements, contracts, tax returns, bank statements, video recordings, audio recordings, computer programs, printouts, and all other written, graphic, or electronic materials of any nature whatsoever. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachments.

12.     "Electronic data" includes, but is not limited to, information stored in hard disks, floppy disks, CD-ROM disks, thumb drives, Bernoulli disks and their equivalents, magnetic tapes of all kinds, and computer chips, originals and all copies of electronic mail ("e-mail"); activity listings of e-mail receipts and/or transmittals, voice-mail; audio or video recordings of any kind; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; output resulting from the use of any software program, including word processing documents,

spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; batch files; ASCII files; metadata; all miscellaneous electronic files and/or file fragments, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragment; and file, folder tabs, containers or labels appended to any storage device containing electronic data.

13.     "Identify" means:

    a.     (a)with respect to a person, to provide, to the extent known, the person's (i) full name; (ii) present or last known address; and (iii) current or last known place of employment;

    b.     (b)with respect to a document, to provide, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s); (v) addressee(s), and (vi) recipient(s); and

    c.     (c)with respect to a communication, to provide, to the extent known, (i) a description of the substance; (ii) the form of the communication (e.g., telephone, facsimile, email, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the communication; and (v) the time, date, and place of the communication.

14.     "Relating to" or "relate to" means, without limitation, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove, or explaining.

15.     The following rules of construction shall apply:

    a.     The terms "all" and "each" shall be construed as all and each;

    b.     The connectives "and" and "or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

c.     "Concerning" means relating to, referring to, describing, evidencing or constituting;

d.     "Including" shall be construed to mean "without limitation"; and

e.     The use of the singular form of any word includes the plural and vice Versa.

<u>INSTRUCTIONS</u>

1.     Each interrogatory shall be accorded a separate answer. Each response shall first set forth verbatim the interrogatory to which it is responsive, followed by Defendant's response.

2.     If Defendant objects to any interrogatory, state the reasons for the objection and answer to the extent the interrogatory is not objectionable. If Defendant is unable to answer an interrogatory fully, submit as much information as is available, explain why Defendant's answer is incomplete, and identify or describe all other sources of more complete or accurate information.

3.     If Defendant objects to any interrogatory or subpart thereof, the objection shall state with specificity all grounds. Any ground not stated shall be waived.

4.     Failure to provide information in response to these interrogatories will be deemed a waiver of Defendant's right to produce such evidence at trial. Plaintiff reserves the right to move to preclude the introduction of any evidence not produced in response to these interrogatories.

5.     If you object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, provide all information required by Federal Rule of Civil Procedure 26(b)(5) [and [APPLICABLE LOCAL RULE(S)]]. If your objection is

on the ground that the answer would reveal the substance of a privileged communication, include an

identification of:

        f.      (a)the nature of the privilege or protection claimed;

        g.      (b)the person who made the communication, whether oral or in writing;

        h.      (c)if the communication was oral, all persons present while the

communication was made;

        i.      (d)if the communication was written, the author, addressees, and any other

recipients;

        j.      (e)the date and place of the communication; and

        k.      (f)the general subject matter of the communication.

    2.      These interrogatories shall be deemed continuing so as to require further

and supplemental production in accordance with Federal Rule of Civil Procedure 26(e).

## **INTERROGATORIES**

**INTERROGATORY NO. 1**

      For each of the Accused Products, describe all versions, releases, or other iterations during the Enforcement Period, including, separately, for each such version, release, or iteration, the release, update or version number, if any; the release date; the date of first use; the specific manner in which the version, release, or iteration varies from the immediately prior version, release, or iteration; and the identity of the person(s) most knowledgeable with respect to the subject matter of this interrogatory.

**INTERROGATORY NO. 2**

      For each of the Accused Products, identify all patents and patent applications, U.S. and foreign, active and inactive, which contain all or a part of the technologies included in the Accused Products, whether those technologies are claimed or not; including the inventors of the technologies, the dates of the reduction to practice for each technology, and the Product(s) in which the technology is used.

**INTERROGATORY NO. 3**

      Separately for each of the Patents-in-Suit, identify every product and service manufactured, used, sold, offered for sale, or imported into the U.S. since 2003 that you believe uses or may use any technology included in the Patents-in-Suit, and the date(s) on which you believe that use occurred.  The products and services shall be identified by product/service name, manufacturer/developer, date of product/service announcement, and date of release.

**INTERROGATORY NO. 4**

Describe in detail how each of the Accused Products is made available and/or distributed, including, without limitation, identifying the locations of any servers used to store, electronically distribute, host, or provide access to the Accused Products via the Internet; the locations where any tangible media containing any Accused Products is manufactured and printed; whether and how the distribution of the Accused Products differs for customers or users located outside the United States; and the identity of the person(s) most knowledgeable with respect to the subject matter of this Interrogatory.

**INTERROGATORY NO. 5**

Identify all Accused Products that used, during the Enforcement Period, structured data in their developments, methodologies, and executions, such as resource description framework, RDFa, JSON-LD, microdata, and any other data structuring formats and methods, including proprietary methods and structures, to include the dates of usage and extent to which the technology was incorporated or utilized.

**INTERROGATORY NO. 6**

For each Accused Product, identify the total number of units sold, total sales in dollar value, location of each sale for each calendar quarter of sales during the Enforcement Period, and the applicable gross and net profit margins as computed by Defendant.

**INTERROGATORY NO. 7**

Describe in detail the manner or methods by which sales were made and/or revenue and profits were generated in connection with the Accused Products during the Enforcement Period, including, without limitation, how advertising, promotions, or other information, materials,

services, or activities were sold or made available to users, consumers, and/or the public within or in connection with the Accused Products.

**INTERROGATORY NO. 8**

Identify the customers, individuals, or entities to whom sales were made or from whom revenues and/or profits were generated or earned in connection with the Accused Products during the Enforcement Period, including, without limitation, customers, individuals or entities making available to users, consumers and/or the public various advertising, promotions, or other information, materials, services, or activities within or in connection with the Accused Products. Your answer should include the following information for each customer: (1) the customer's name and address; (2) the dates on which sales were made to or revenue generated in relation to each such customer; and (3) the amount of revenue generated in relation to each such customer.

**INTERROGATORY NO. 9**

For each Patent-in-Suit, describe in detail all facts and circumstances under which Defendant first became aware of that patent, including, but not limited to, the date(s) when this occurred, the source of the information, the identity of the person(s) who received the information on behalf of Defendant, when and how Defendant first obtained a copy of that patent, and any actions taken by Defendant or any of its directors, officers, or employees as a result, and identify each person with knowledge of the foregoing and all documents relating to the foregoing.

**INTERROGATORY NO. 10**

Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that Defendant has requested, received, or is aware of regarding any Patent-in-Suit, including, but not limited to, date, author(s), addressee(s), recipient(s), and whether it

relates to infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or any other affirmative defense or a valuation of any Patent-in-Suit.

**INTERROGATORY NO. 11**

If Google contends that it does not infringe any claim of the Mindbase Patents-in-Suit, identify in detail on a claim-by-claim and limitation-by-limitation basis in a claim chart format all bases for any allegation that Google does not infringe the claim/limitation, both literally and through the doctrine of equivalents, including an identification of each limitation of each claim which Google contends is not practiced by any of its products and services, and state in detail the reasons why Google's products and services do not practice those limitations.

**INTERROGATORY NO. 12**

For each Claim-in-Suit, identify all prior art that Defendant contends, taken alone or in combination, renders that claim anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103, identify in detail where each limitation is found in each item of prior art (such as by patent column and line number or article page and paragraph), and identify all factual and legal bases for any contention that one of ordinary skill in the art would have been motivated to combine any of the prior art to obtain the claimed invention.

**INTERROGATORY NO. 13**

For each Claim-in-Suit, describe in detail all factual and legal bases for any contention that the claim is invalid for lack of an adequate written description under 35 U.S.C. § 112, ¶ 1 or lack of an enabling disclosure under 35 U.S.C. § 112, ¶ 2, including, but not limited to, an identification of each limitation that Defendant contends is without adequate written description and/or enabling disclosure in the specification.

**INTERROGATORY NO. 14**

Describe in detail all factual and legal bases for any contention that any Patent-in-Suit is unenforceable under the doctrine of inequitable conduct, including, but not limited to, all information, activities, documents, and communications that support that contention.

**INTERROGATORY NO. 15**

For each Claim-in-Suit, identify the level of technical knowledge, schooling, experience, training, and expertise of a person having ordinary skill in the art of the subject matter of that claim.


Dated: February 10, 2021                    Respectfully submitted,

                                             */s/ Alen H. Hsu*
                                             Alen H. Hsu, Esquire
                                             Florida Bar No. 62495
                                             Anne R. Flanigan
                                             Florida Bar No. 113889
                                             WEISS SEROTA HELFMAN
                                             COLE & BIERMAN, P.L.
                                             1200 N. Federal Highway
                                             Suite 312
                                             Boca Raton, FL 33432
                                             Telephone: (561) 835-2111
                                             Email: ahsu@wsh-law.com
                                                     aflanigan@wsh-law.com

                                             James Iaconis, Esquire*
                                             Texas Bar No. 24080954
                                             Iaconis Law Office
                                             P.O. Box 450473
                                             Miami, FL  33245
                                             Email:  james.iaconis@iaconislaw.com


                                             R. Terry Parker, Esquire*
                                             Massachusetts Bar No. 569008
                                             RATH, YOUNG and PIGNATELLI, P.C.
                                             120 Water Street, Second Floor
                                             Boston, MA 02109

Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*\*Admitted Pro Hace Vice*

## <u>CERTIFICATE OF SERVICE</u>

I, R. Terry Parker, hereby certify that I caused the foregoing document to be served on the following counsel on the 10th day of February 2021 by electronic mail:

Edward M. Mullins (FBN 863920)
Email: emullins@reedsmith.com
Daniel A. Sox (FBN 108573)
Email: dsox@reedsmith.com
Marcelo Diaz-Cortes (FBN 118166)
Email: mdiaz-cortes@reedsmith.com

REED SMITH LLP
1001 Brickell Bay Drive
Suite 900
Miami, FL 33131


Michael S. Kwun
Email: mkwun@kblfirm.com
KWUN BHANSALI LAZARUS LLP
 555 Montgomery Street
Suite 750
San Francisco, CA 94111


*/s/R. Terry Parker*
R. Terry Parker